## GEORGE ADAMS v. WILLIAM WILLIAMS et al.

Court of Common Pleas. November, 1796.

*Wilson's Red Book, 137.*

*Miller* for plaintiff. *Wilson* for defendant.

Plaintiff showed the patent of "Friend's Denial," proved possession, and had his pretensions laid down, and exhibited the tres-

pass thereon to the jury. Defendants acknowledge the trespass at the spot delineated, but undertake to prove "Friend's Denial" to lie at another place

PER CURIAM. "You may contradict the plaintiff's proofs, but not give evidence of a location never surveyed and laid upon the pretensions. It is our constant practice and declarations in all the counties that you shall not give in evidence what ought to have appeared on the pretensions."

Vide [Wilson's Red Book,] 108, ante.

Defendants then proved that plaintiff twenty years ago called another tree the boundary and run from it then etc., and proved that boundary so far off that this trespass could not be included in "Friend's Denial."

BASSETT, C. J. This action is for a trespass on[1] a tract of land called "Friend's Denial." The sole argument before you has been whether the trespass is on "Friend's Denial" or not. It was asserted by plaintiff's counsel that a trespass anywhere on plaintiff's land by defendant will entitle plaintiff to recover. But we must say, where the land is named the trespass must be proved on the tract named. If the trees were not cut upon "Friend's Denial," but upon some other tract of plaintiff's, defendants are not guilty, for no man shall be twice found guilty for the same offense. If these trees were cut upon Dalserfe, defendants are not guilty, for a recovery in this action would be no bar to an action brought for trespass upon Dalserfe.

Verdict, not guilty.

*Wilson's Red Book, 138.*[*]

---

1 At this point the word "upon" appears in the manuscript.

